IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUITABLE ADVISORS, LLC,  Plaintiff,  v.  MICHAEL ALLEN JACOBS, in his Individual capacity and as Trustee of the MICHAEL ALLEN JACOBS TRUST dtd 6/7/2022, and as Trustee of the MICHAEL ALLEN JACOBS LIVING TRUST dtd 12/06/2016, and as Grantor and Beneficiary of the MICHAEL ALLEN JACOBS CHARITABLE REMAINDER TRUST dtd 12/06-16,  Defendant. | Civil Action No. |

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

Plaintiff, Equitable Advisors LLC, files this Verified Complaint seeking a declaratory judgment and preliminary and permanent injunctive relief to preclude Defendant from proceeding with an arbitration filed before the Financial Industry Regulatory Authority against Plaintiff. Equitable Advisors LLC alleges as follows:

# I.
# PARTIES

1. Plaintiff, Equitable Advisors LLC ("Equitable Advisors") is a broker-dealer registered with the U.S. Securities and Exchange Commission and a member of the Financial Industry Regulatory Authority ("FINRA"). It is a Delaware limited liability company with its principal place of business in New York. It is a citizen of Delaware and New York based on the citizenship of its sole member. Equitable Advisors' sole member is Equitable Distribution Holding Corporation ("EDHC"), a Delaware corporation with its principal place of business in New York. The sole parent of EDHC is Equitable Financial Services, LLC ("EFS") a Delaware limited liability company qualified to do business in New York and with its principal place of business in New York. The sole member of EFS is Equitable Holdings, Inc., a publicly traded (NYSE: EQH) Delaware corporation with its principal place of business in New York.

2. Defendant Michael Allen Jacobs is a citizen of the State of Georgia, domiciled in Carrollton, Georgia. Mr. Jacobs is also the Trustee of the Michael Allen Jacobs Trust dtd 6/7/2022, the Trustee of the Michael Allen Jacobs Living Trust dtd 12/06/2016, and the Grantor and Beneficiary of the Michael Jacobs Charitable Remainder Trust dtd 12/06/2016.

3. Defendant instituted a FINRA arbitration against Equitable Advisors and others, titled *Michael Allen Jacobs, et al. v. Edward Jones, et al.*, Case No. 25-01126 (the "Arbitration"), with a hearing venue in Atlanta, Georgia. Defendant claims between $7,243,000 and $9,143,000 in actual damages, $1,428,628 in consequential damages, and is also seeking punitive damages, and attorney's fees and expenses.

## II.
## JURISDICTION AND VENUE

4. This is an action for: (1) declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201; and (2) injunctive relief pursuant to Federal Rule of Civil Procedure 65(b).

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case relates to an arbitration in which Defendant alleges violations of federal law. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. This Court has personal jurisdiction over Defendant because this action arises out of specific acts undertaken by Defendant within the State of Georgia, including pursuing the Arbitration in Georgia.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district. In particular, Defendant resides in this District and is pursuing the Arbitration in this District.

## III.
## FACTS

8. Defendant initiated the Arbitration by filing a Statement of Claim on June 3, 2025. Without admitting or incorporating any of the allegations therein, Equitable Advisors hereby attaches a true and correct copy of the Statement of Claim as **Exhibit A**.

9. The Statement of Claim was served on Equitable Advisors on June 4, 2025.

10. Defendant demands between $7,243,000 and $9,143,000 in the Statement of Claim. Equitable Advisors denies that it is liable to Defendant.

11. The Statement of Claim alleges that Ejiro Ode Okuma was Claimant's financial advisor while Mr. Okuma was a registered representative with Edward Jones and further alleges that Okuma misappropriated $9.4 million from Claimant's investment accounts. These accounts were not held at Equitable Advisors.

12. The Statement of Claim further alleges that, "On or about May 5, 2023, Mr. Okuma left Edward Jones and became a registered representative at Equitable Advisors. Upon information and belief, Mr. Jacobs had been Mr. Okuma's biggest

4

individual client at Edward Jones. Yet after he moved to Equitable Advisors, Mr. Okuma claims that Mr. Jacobs was no longer his client and that Mr. Jacobs was not a customer at Equitable Advisors. All of this is a surprise to Mr. Jacobs. He believed that Mr. Okuma was still his financial advisor and controlled and managed all of his money, as he had been doing since 2016 … Yet Equitable Advisors maintains that Mr. Jacobs was not its customer and that Mr. Okuma (Equitable Advisors' associated person and registered representative) was not Mr. Jacobs's financial advisor." (Statement of Claim at 6-7.)

13.     Defendant did not, has not, and has never opened an Account at Equitable Advisors, either individually or on behalf of any trust.

14.     Equitable Advisors has never had any agreement to arbitrate with Defendant and does not consent to arbitration.

15.     FINRA Rule 12200 requires FINRA members, such as Equitable Advisors, to submit to arbitration to resolve claims brought by claimants, but only if the claimant is the member's "customer," or if the member has explicitly agreed to arbitrate disputes between the claimant and the member.

16.     Defendant is not now, nor has he ever been, a customer of Equitable Advisors. Defendant has never had a brokerage account with Equitable Advisors. Defendant did not purchase any securities from Equitable Advisors or receive

5

investment guidance from Equitable Advisors. There has never been any contractual or other relationship between Equitable Advisors and Defendant, let alone an agreement to arbitrate. Therefore, FINRA Rule 12200 does not require Equitable Advisors to submit to arbitration regarding disputes with Defendant.

17. Equitable Advisors has no obligation to arbitrate any claims brought by Defendant. There is no basis upon which Defendant can compel Equitable Advisors to participate in the Arbitration.

18. The existence or nonexistence of a valid arbitration agreement between the parties is a matter to be decided by this Court, not by an arbitration panel.

19. An injunction is necessary to maintain the status quo until the Court is able to resolve the parties' dispute on the merits and to prevent the irreparable injury to Equitable Advisors from having to arbitrate issues that is has not agreed to arbitrate.

20. Whether Equitable Advisors can be compelled to defend against the claims asserted against it in the Arbitration is an issue that affects the parties' immediate legal interests. Unless Defendant is enjoined from proceeding with the Arbitration, Equitable Advisors will be required to defend the case in a forum that it contests, and the case has been deemed expedited.

21. A permanent injunction precluding Defendant from pursuing his claims in Arbitration is proper and warranted.

## IV.
## CLAIMS

### COUNT I: DECLARATORY JUDGMENT

22. Equitable Advisors incorporates the allegations in Paragraphs 1 through 21 above as if fully set forth herein.

23. FINRA Rule 12200 (Arbitration Under an Arbitration Agreement or the Rules of FINRA) states:

> Parties must arbitrate a dispute under the [FINRA] Code if:
>
> - Arbitration under the Code is either:
>   - Required by a written agreement, or
>   - Requested by the customer;
>
> - The dispute is between a customer and a member or associated person of a member; and
>
> - The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

24. No agreement exists between Defendant and Equitable Advisors to arbitrate any disputes, including those asserted by Defendant in the Arbitration.

25. Thus, to compel arbitration under FINRA Rule 12200, Defendant must show that the dispute is between a customer and a FINRA member.

26. Defendant is not and has never been a "customer" of Equitable Advisors, whether under FINRA Rule 12200 or otherwise.

27. Defendant is not a "customer" of an associated person of Equitable Advisors. Defendant was no longer a customer of Mr. Okuma when Mr. Okuma became a registered representative with Equitable Advisors.

28. This dispute arises from allegations that Mr. Okuma may have misappropriated money from Defendant's investment account(s) (but not at Equitable Advisors) and converted that money to his own personal use. Mr. Okuma's alleged conduct was not undertaken as part of the business activities of Equitable Advisors and, if true, were undertaken outside the scope of his duties as a registered representative and/or investment advisor.

29. Because Defendant is not a customer of Equitable Advisors, is not presently a customer of Mr. Okuma (nor was a he customer of Mr. Okuma at any time that Mr. Okuma was registered with Equitable Advisors) or any other associated member of Equitable Advisors, and this dispute did not arise in connection with the business activities of Equitable Advisors or Mr. Okuma,

Equitable Advisors is not obligated to arbitrate any of Defendant's claims in the Arbitration.

30. Declaratory relief is appropriate because there is a substantial continuing controversy between the parties that is definite and concrete, affecting the parties' legal interests with sufficient immediacy, and Equitable Advisors has a reasonable expectation that its injury will continue in the future in the absence of declaratory relief.

31. Equitable Advisors seeks a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Defendant is not a customer of Equitable Advisors and that Defendant's claims are not arbitrable in the FINRA Arbitration.

## COUNT II: INJUNCTIVE RELIEF

32. Equitable Advisors incorporates the allegations in Paragraphs 1 through 21 above as if fully set forth herein.

33. Equitable Advisors has a substantial likelihood of success on the merits regarding the arbitrability of Defendant's claims because:

    a) There is no agreement to arbitrate between Defendant and Equitable Advisors; and

    b) Defendant is not, and has never been, Equitable Advisors' customer under FINRA Rule 12200.

34. Equitable Advisors will suffer immediate and irreparable harm if it is compelled to arbitrate the claims in the Arbitration and to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable.

35. The balance of equities and public interest favor entry of an injunction because parties should not be forced to arbitrate unless they agree to do so.

36. Equitable Advisors has no adequate remedy at law.

37. Accordingly, Equitable Advisors satisfies the legal standards for preliminary and permanent injunctive relief under Federal Rule of Civil Procedure 65, and Defendant should be enjoined from proceeding with the Arbitration.

## V.
## PRAYER FOR RELIEF

THEREFORE, Equitable Advisors requests that this Court:

    a. Enter a declaratory injunction that Defendant is not a customer of Equitable Advisors or any of its associated persons under FINRA Rule 12200 and Defendant's claims are therefore not arbitrable;

    b. Enter orders preliminarily and permanently enjoining Defendant from further proceeding with the FINRA Arbitration;

    c. Award Equitable Advisors its costs; and

    d. Award all other and further relief in either law or equity to which this Court deems Equitable Advisors is entitled.

Respectfully submitted, this 22nd day of August 2025.

**HOLCOMB + WARD, LLP**

/s/ *Holly Cole*
Holly Cole
Georgia Bar No. 339919
M. Scott Holcomb
Georgia Bar No. 360352
Holcomb + Ward, LLP
3455 Peachtree Road NE, Suite 500
Atlanta, Georgia 30326
404-601-2803
holly@holcombward.com
scott@holcombward.com
*Attorneys for Plaintiff*

**Verification**

I verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the factual statements in the Verified Complaint for Declaratory and Injunctive Relief are true and correct to the best of my knowledge and understanding.

This __22__ day of August 2025.

_____
Eileen Stassa
Associate General Counsel
Equitable Financial Life Insurance Company,
an affiliate of Equitable Advisors LLC